UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DEQUON LETRAY BOYD, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 1:19-CV-249-TAV-CHS |
| | ) | |
| TONY MAYS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as time-barred [Doc. 6] and a memorandum in support thereof [Doc. 7], as well as the state court record [Doc. 5]. Petitioner did not file a response, and his time for doing so has passed. *See* E.D.T.N. LR 7.1(a)(2). As such, Petitioner has waived any opposition thereto. *See Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D.T.N. LR 7.2. For the reasons set forth below, Respondent's motion to dismiss the petition as time-barred [Doc. 6] will be **GRANTED** and this action will be **DISMISSED**.

I.     PROCEDURAL HISTORY

On February 26, 2009, a Hamilton County, Tennessee jury found Petitioner guilty of a number of charges, including first degree murder and attempted first degree murder [Doc. 5-1 p. 75–90]. On September 28, 2009, the Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's convictions, and on January 11, 2012, the Tennessee

Supreme Court denied Petitioner permission for further appeal. *State v. Boyd*, No. E2009–02071–CCA–R3–CD, 2011 WL 4012434, at *6, 10 (Tenn. Crim. App. Sept. 28, 2009), *perm. app. denied* (Tenn. Jan. 11, 2012).

Petitioner next filed a state court petition for post-conviction relief on January 4, 2013 [Doc. 5-25 p. 6], which the post-conviction court denied [*Id.* at 69]. On February 15, 2018, the TCCA affirmed the denial of Petitioner's petition for post-conviction relief. *Boyd v. State*, No. E2017–00891–CCA–R3–PC, 2018 WL 930922, at *4 (Tenn. Crim. App. Feb. 15, 2018). Petitioner did not seek permission for further review by the Tennessee Supreme Court.

Petitioner filed the instant petition for § 2254 relief on August 23, 2019 [Doc. 1 p. 17].

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review;
>
> \* \* \*
>
> . . . or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . . " 28 U.S.C. § 2244(d)(2).

For AEDPA purposes, Petitioner's conviction became final on April 11, 2012, the day on which Petitioner's time to file a petition for a writ of certiorari with the United States Supreme Court regarding his appeal of his convictions expired. *Clay v. United States*, 537 U.S. 522, 524 (2003) (holding that, if no petition for certiorari is filed, the judgment becomes final upon expiration of the ninety-day period for seeking certiorari review in the Supreme Court). The AEDPA clock therefore began to run the next day, on April 12, 2012, and ran for 266 days until Petitioner filed his petition for post-conviction relief on January 4, 2013. At that point, the clock paused until April 17, 2018, sixty (60) days after the TCCA affirmed the denial of Petitioner's petition for post-conviction relief on February 15, 2018. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) (holding that claim is "pending" for the entire term of state court review, including "until the application has achieved final resolution through the State's post-conviction procedures" and that "a federal habeas petitioner has not exhausted his state remedies as long as he has 'the right under [state] law . . . to raise' in that State, 'by any available procedure, the question

3

presented'"). At that point, Petitioner had ninety-nine (99) days left, or until July 26, 2018, to file his federal petition for relief under § 2254.

Accordingly, Petitioner's § 2254 petition, which he filed on August 23, 2019, is untimely by more than a year. The AEDPA statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he has diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing the petition. *Holland*, 560 U.S. at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

While Petitioner does not specifically argue that he is entitled to equitable tolling of the statute of limitations in his petition, he does assert that he can demonstrate cause and prejudice to excuse his "belated claims" such that the Court can review them on the merits [Doc. 1 p. 24]. Thus, the Court liberally construes this argument to assert that Petitioner is entitled to equitable tolling in this action.

In support of this argument, Petitioner states that he did not receive notice that the TCCA had denied his post-conviction appeal until "mid-August of 2019" and that due to his lack of education and legal knowledge and his "mental deficiencies," among other

4

things, he "was not aware or able to understand" the appropriate time period in which he should have filed his § 2254 petition prior to this date [*Id.*].[1] However, Petitioner also states that when his attorney notified him that the TCCA had denied his post-conviction appeal on an unspecified date, Petitioner immediately notified the attorney that he wanted the attorney to continue to file appeals in state and federal court on his behalf and that he did not discover until August 2019 that he was required to file his § 2254 petition within the one-year AEDPA statute of limitations [*Id.* at 14, 25, 26]. Thus, reading the relevant portions of Petitioner's § 2254 filings together, it is apparent that Petitioner knew that the TCCA had denied his post-conviction appeal earlier than August 2019, but only learned in August 2019 that there was a one-year statute of limitations for him to file a § 2254 petition for his convictions and/or that he was responsible for filing this petition, at which point he "acted with good faith to immediately seek out legal advice and assistance to file a belated writ of habeas corpus" with this Court [*Id.*].

Petitioner also filed a 2009 psychological evaluation of him with his § 2254 petition [Doc. 1 p. 18–26]. This evaluation indicates that Petitioner had an extremely troubled childhood and, among other things, had an IQ of 69, was very low functioning in a number of areas, had "mild impairment" with regard to his understanding the legal system,

---

[1] In his petition and the affidavit filed therewith, Petitioner states that he had one year from the date on which the TCCA denied his post-conviction appeal, specifically until February 15, 2019, to file his § 2254 petition [Doc. 1 p. 14, 25]. As set forth above, this is incorrect, as the AEDPA statute of limitations began running when Petitioner's convictions became final, which was approximately nine months before Petitioner filed his state court petition for post-conviction relief. Regardless, nothing in Petitioner's filings suggests that this mistaken calculation of the AEDPA statute of limitations made any difference in when Petitioner filed his § 2254 petition or has any relevance to the Court's determination of whether Petitioner is entitled to equitable tolling.

specifically stating he "need[ed] constant explanation" of this system and had an unspecified level of impairment with regard to appreciating his legal situation [*Id.* at 20]. However, the evaluation also found that Petitioner was "able to" engage in a "quality" relationship with his attorney and had no impairment of his abilities to manage behavior, plan strategy, and appraise the various roles of people in the court system [*Id.* at 20–21].

A litigant's lack of knowledge regarding the statute of limitations is insufficient to entitle him to equitable tolling of that statute. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (holding that "ignorance of the law alone is not sufficient to warrant equitable tolling"). Similarly, a litigant's lack of legal training, poor education, or even illiteracy is not sufficient reason for a district to toll AEDPA's limitations period. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299–300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005).

However, mental incompetence may be an extraordinary circumstance that would justify equitable tolling of the AEDPA statute of limitations. *Ata v. Scutt*, 662 F.3d 736, 741–42 (6th Cir. 2011). To justify such a finding, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his incompetence caused his failure to comply with the AEDPA statute of limitations. *Id.* at 742. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id*.

Petitioner has not connected his 2009 mental impairments with his failure to timely file his § 2254 petition more than nine (9) years later. Specifically, while Petitioner has presented proof that a 2009 psychological evaluation showed that he has significant mental impairments due at least in part to his deeply troubled childhood, Petitioner's specific allegations do not support finding that his failure to timely file his § 2254 petition was due to these impairments, but rather demonstrate that Petitioner was simply unaware that he was responsible for filing his § 2254 petition within the AEDPA's one-year statute of limitations until mid-August 2019, at which time he immediately, and appropriately, sought legal advice and assistance to so [*Id.* at 26]. Thus, it is apparent from Petitioner's filings that it was not his mental impairments, but rather his lack of knowledge and/or diligence, that prevented him from timely filing his § 2254 petition.

In other words, even if the Court assumes that Petitioner is still suffering from the mental impairments noted in the 2009 psychological evaluation he filed with his petition, nothing suggests that any such mental impairments affected Petitioner any more during the time period during which he could have filed a timely § 2254 petition than it did in mid-August 2019 when he filed his untimely § 2254 petition—to the contrary, it is apparent from Petitioner's filings that the only thing that changed in August 2019 was Petitioner's discovery of the AEDPA statute of limitations and/or that his attorney had not pursued other filings on his behalf despite his request. Thus, Petitioner has failed to demonstrate any causal link between his mental impairment and his failure to file his § 2254 petition within the AEDPA's statute of limitations.

Moreover, Petitioner's argument that he should be entitled to equitable tolling due to his belief that his attorney was pursuing other remedies on his behalf in accordance with Petitioner's written request that he do so is likewise insufficient to demonstrate that Petitioner was diligently pursuing his rights under § 2254 such that he could be entitled to equitable tolling. While the Sixth Circuit has held that an attorney's failure to notify a petitioner that the state court of appeals had affirmed his conviction, thereby triggering the AEDPA statute of limitations, could in some circumstances warrant equitable tolling, it ultimately found that the petitioner in that case was not entitled to equitable tolling because he waited three (3) years before taking any action. *Keeling v. Warden*, 673 F.3d 452, 463–64 (6th Cir. 2012) (citing *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) (holding that a petitioner who waited eighteen (18) months to inquire about the status of his state court proceedings had not been sufficiently diligent to be entitled to equitable tolling for his § 2254 petition); *see also Winkfield v. Bagley*, 66 F. App'x 578, 582–83 (6th Cir. 2003) (holding that even where counsel "actively misled" the petitioner about the status of his state court proceedings in response to the petitioner's letter seeking information about those proceedings, § 2244(d)(1)(B) did not apply because the petitioner failed to show that he was diligently pursuing his rights under § 2254).

Nothing in Petitioner's filing suggest that any of his counsel's omissions prevented Petitioner from filing a timely § 2254 petition or that Petitioner diligently pursued his rights under § 2254. Rather, Petitioner alleges only that, on an unspecified date, his attorney notified him that the TCCA had denied his post-conviction appeal and Petitioner then

8

immediately asked his attorney to continue to pursue state and federal remedies on his behalf. However, Petitioner does not state when he sent his letter making that request, and nothing suggests that Petitioner made any efforts to monitor the efforts he presumed his attorney would take on his behalf or otherwise diligently pursue his rights under § 2254 after learning of the denial of his post-conviction appeal. Also, nothing suggests that any such lack of diligence was related to or caused by any of Petitioner's alleged mental impairments.

Accordingly, Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations, his § 2254 petition is time-barred, and this action will be **DISMISSED**.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurors would not debate the Court's ruling that Petitioner is not entitled to equitable tolling and the § 2254 petition is time-barred, a COA will not issue.

## IV. CONCLUSION

For the reasons set forth above:

1. Respondent's motion to dismiss the petition as time-barred [Doc. 6] will be **GRANTED**;

2. A COA will not issue; and

3. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE